IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JULIE A SU,** Acting Secretary of Labor, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No: 2:24-cv-00325 |
| | * |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, et al.,** | * |
| | * |
| | * |
| Defendants. | * |

**DEFENDANT BEST PRACTICE SERVICE, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

Plaintiff's First Amended Complaint ("FAC") against Best Practice Service, Inc. ("BPS") seeks injunctive relief against a company Plaintiff acknowledges is out of business, arising from the alleged employment of one underage worker whose employment ended over two years ago. BPS moves this Honorable Court to dismiss Julie A. Su's claims under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Alternatively, pursuant to Fed. R. Civ. P. 12(f), the Court should strike Su's vague allegations of additional, unspecified violations of the Fair Labor Standards Act of 1938 ("FLSA"). As grounds for the same, BPS shows the following:

**I.     BPS ADOPTS HMMA'S FILINGS IN SUPPORT OF THIS MOTION**

In support of this motion, and in the interest of judicial efficiency, BPS first adopts in full Hyundai Motor Manufacturing Alabama, LLC's Motion to Dismiss or, in the Alternative, Motion to Strike ("Motion") (Doc. 39) and its Memorandum of Law in Support of Defendant Hyundai Motor Manufacturing Alabama, LLC's Motion to Dismiss or, in the Alternative, Motion to Strike ("Memorandum") (Doc. 40). To the extent BPS's position or arguments differ from HMMA's in any material way, those differences are addressed below.

## II.   THIS COURT LACKS SUBJECT MATTER JURISDICTION

Hyundai Motor Manufacturing Alabama, LLC ("HMMA") argues that the Court should dismiss Su's claims for prospective injunctive relief for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Su fails to allege facts showing any likelihood of future harm and therefore lacks standing to seek prospective relief.  BPS adopts HMMA's arguments and legal citations here.  Those arguments militate even more strongly in BPS's favor because not only has Su alleged only one long past violation of the child labor laws but, as alleged in the FAC, BPS is no longer doing business at all and so has no ties to HMMA or Smart.  (Doc. 37 at ¶ 6). Therefore, Su cannot prove that BPS presents any imminent likelihood of future injury to workers at Smart or anywhere.  The case against BPS is therefore due to be dismissed for lack of subject matter jurisdiction.  The Court need proceed no further as a ruling on this ground ends the case.

## III.   SU HAS NOT SATIFIED THE *TWOMBLY/IQBAL* PLEADING STANDARD AS TO BPS'S REQUISITE STATE OF MIND.

HMMA also argues that Plaintiff Su's claim fails under Rule 12(b)(6) because she failed to sufficiently plead as elements of her claims that HMMA knew or should have known that underage workers were employed as required under 26 U.S.C. § 212(c).  BPS adopts HMMA's substantive case law and arguments, including that the requisite state of mind is "knew or should have known" in the Eleventh Circuit.

In addition, BPS addresses here the allegations Su makes that are more specific to BPS and Smart at Paragraph 11 of the FAC (Doc. 37):

> EC began working at SMART under the name "E***** L*****." When documents showing the name "E***** L*****" were rejected, EC presented new documents with the name "J***** O*****." For the remainder of her time at SMART, EC's name badge said "E***** L*****" and her hours were reported from SMART to BPS as "E***** L*****." However, BPS paid EC under the name "J***** O*****," an identity that BPS knew to be an alias. Moreover, and in addition to

these facts, EC['s] appearance and physical characteristics also suggested that she was very young – too young to be employed in a manufacturing facility.

This allegation slightly (but, as noted below, not materially) distinguishes HMMA's case from BPS's, but it nonetheless does not satisfy the federal pleading requirements as to BPS. As this Court well knows, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the Complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The Court accepts a plaintiff's well-pled allegations as true and makes reasonable inferences in her favor. *See Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). But those "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court must disregard both "conclusory statements" and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Likewise, a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal citations and quotation marks omitted)

Paragraph 11 alleges two things: (a) that BPS knew EC had a fake ID and (b) that her "appearance and physical characteristics also suggested that she was very young – too young to be employed in a manufacturing facility." However, unlike a college bar, where a fake ID would be a red flag that someone was underage, an alias or fake ID in the labor market indicates that someone is not authorized to work under U.S. immigration laws. BPS could be charged with knowledge that this person was perhaps not legal and not working under her own name, but that would not lead to the conclusion that she was under age, any more than it would for anyone else applying for a position. So the real question is whether the self-serving assertion that EC's physical appearance

3

suggested she was too young to work there is sufficient under *Twombly/Iqbal* to be more than a "conclusory statement[]" or a "naked assertion[] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, for the purposes of supporting the element of a 29 U.S.C. § 212 claim that the employer knew or should have known of the relevant facts.

The statement that EC looked too young falls squarely within the kinds of statements that the Eleventh Circuit have held are "conclusory" or are "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. In other words, what Su has alleged is just another way of saying that BPS should have known she was too young. Without "further factual enhancement," Su's allegation falls short.[1] The further "factual enhancement" that might have passed muster could have been, for instance, EC's height and weight at the time she was employed coupled with plausible averments that it was significantly below that of even a small adult woman of her ethnicity.

Because the assertions in Paragraph 11 are both "conclusory" and "naked assertions devoid of further factual enhancement," Su has failed to plead the requisite mental state as to BPS.

### IV. SU FAILED TO PLEAD ADEQUATE FACTS TO SUPPORT A THREE-YEAR STATUTE OF LIMITATIONS PERIOD.

---

[1] *See, e.g., Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1309–10 (11th Cir. 2022) (disregarding as formulaic recitation the statement that the defendants 'intentionally conspired' or 'agreed to the commission of [the racketeering acts]'"); *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1370–71 (11th Cir. 2024) (disregarding as lacking in "additional details" the allegation that defendant "had a county wide custom of shooting ... dogs.")*; Mathis v. Eslinger*, No. 20-13761, 2022 WL 16849124, at *10 (11th Cir. Nov. 10, 2022) (disregarding under *Iqbal*, the allegation that an officer made "material misstatements and omissions" as conclusory); *Eckart v. Allstate Northbrook Indem. Co.*, No. 23-10753, 2023 WL 8651035, at *3–4 (11th Cir. Dec. 14, 2023) (disregarding as conclusory the allegation that "Allstate would 'routinely enter[ ] into firm, binding settlement agreements' and 'upon receipt of releases from [ ] injured claimants ... forward[ ] settlement checks ... in amounts far below the agreed upon settlement amounts.; '"); *Captain Jack's Crab Shack, Inc. v. Cooke*, No. 21-11112, 2022 WL 4375364, at *6–7 (11th Cir. Sept. 22, 2022) (disregarding, for failure to include enough facts, allegations that defendants "'directed an illegal raid,' 'insist[ed]' that the officers include the 'fabricated evidence' in the warrant affidavit, and acted in their 'investigative capacities.'").

BPS will not restate here the law that governs this issue as it is laid out in HMMA's Memorandum (Doc. 40) in Section III. Having failed to plead the requisite mental state with respect to liability, Su has likewise failed to plead the requisite mental state to establish a three-year statute of limitations period. Su has not shown that BPS was "willful." Willful in this context means that BPS "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). It stands to reason that, if Su has not adequately pled that BPS knew or should have known that EC was underage, BPS's actions in hiring her were not willful, and thus, the three-year statute of limitations was not triggered.

V.   **CONCLUSION**

The remaining arguments presented by HMMA at Sections IV and V of its Memorandum (Doc. 40) are also adopted in full. For the reasons set out in HMMA's Motion and Memorandum and those also set forth herein, this Court should dismiss Su's claims against BPS. Alternatively, this Court should strike Su's vague allegations of additional, unspecified child labor violations as argued in Section V of HMMA's Memorandum (Doc. 40).

Submitted this 7th day of October, 2024.

       s/ Shannon L. Holliday
Shannon L. Holliday (ASB-5440-y77s)
J. David Martin (ASB-7387-a54j)
Copeland, Franco, Screws &N Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 3601-0347
T: 334/834-1180   F: 334/834-3172
Email: holliday@copelandfranco.com
Email: martin@copelandfranco.com
**Counsel for Defendant,
Best Practice Service, LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 7th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Motzny, Esq.
Kristin A. Forbes, Esq.
DEPARTMENT OF LABOR
Office of the Solicitor
618 Church Street, Suite 230
Nashville, TN 37219
Email: motzny.thomas.j@dol.gov
Email: forbes.kristin.a@dol.gov
***Attorneys for Plaintiff***

William C. Athanas
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8996
Email: bathanas@bradley.com

Charles A. Stewart III
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Email: cstewart@bradley.com

***Attorney for Defendant Hyundai Motor Manufacturing Alabama, LLC***

              s/ Shannon L. Holliday
              Of Counsel