UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| JULIE A. SU, ) | |
| Acting Secretary of Labor, United States ) | |
| Department of Labor, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:24-cv-00325-ECM-SMD |
| ) | |
| v. ) | |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, SMART ALABAMA, LLC, ) | |
| and BEST PRACTICE SERVICE, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO BEST PRACTICE SERVICES, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

The Plaintiff, the Acting Secretary of Labor, U.S. Department of Labor (the "Acting Secretary") in response to Best Practice Service, LLC's ("BPS") Motion to Dismiss or, in the Alternative, Motion to Strike, ECF No. 41, and states as follows:

**I.    Introduction**

BPS hired a 13-year-old girl to work in an automotive facility operated by SMART Alabama, LLC. Despite having *actual notice* that the minor, "EC," was not who she said she was, BPS takes the position that the Acting Secretary has not pled sufficient facts to show a violation that its actions were willful or that it violated the child labor provisions of the FLSA. Additionally, BPS argues that, since it is out of business, an injunction should not issue.

**II.    Argument**

To the extent that BPS has incorporated HMMA's arguments in its Motion to Dismiss, the Acting Secretary incorporates her responses to those arguments here. The Acting

Secretary addresses BPS's additional arguments, below.

### A. The Court has Subject Matter Jurisdiction.

In its Motion to Dismiss, BPS states that it "is no longer doing business at all and so has no ties to HMMA or SMART." *See* Motion to Dismiss, ECF No. 41, at 2. Because of this, BPS argues that the Acting Secretary "cannot prove that BPS presents any imminent likelihood of future injury" and, therefore, this matter should be "dismissed for lack of subject matter jurisdiction." *Id*. This is simply incorrect. First, in enjoining BPS, the Court may also enjoin the parties related to BPS, e.g. its "officers, agents, servants, and employees, and those persons in active concert or participation" with the company who receive actual notice of the injunction. *See*, *e.g., Glassroth v. Moore*, 242 F. Supp. 2d 1067 (M.D. Ala. 2002) (permanently enjoining the Chief Justice of the Alabama Supreme Court as well as "his officers, agents, servants, and employees, and those persons in active concert or participation with him who receive actual notice of this injunction.") Even if BPS was permanently defunct, an injunction against these categories of individuals would be of substantial value. Moreover, BPS could certainly resume business, or the individuals who own or control BPS could simply restart the business under a different name.

Other courts have enjoined companies that are no longer in business. *See*, *e.g., Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778 (W.D. Pa. 2013) (finding that injunctive relief was appropriate even though the defendant company was now "defunct" in a case where defendants had a history of violating the FLSA); *Su v. Bene Market, LLC*, 20-4265, 2024 WL 1181447. *10 (W.D. Pa. Mar. 19, 2024) (finding injunctive relief was appropriate even if defendant was no longer in business.) "Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the district courts to issue both prospective and restitutionary injunctions." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 196 (5th Cir.1983) (citing *Donovan v. Brown Equip. and Serv. Tools, Inc.*, 666 F.2d 148 (5th

Cir. 1982)), abrogated on other grounds as recognized in *Reich v. Bay, Inc.*, 23 F.3d 110, 117 n. 4 (5th Cir.1994)). "Generally speaking, the propriety of a grant of injunctive relief in a § 217 action is an equitable matter, committed in the first instance to the sound discretion of the district court." *Id*. (citing *Shultz v. Parke*, 413 F.2d 1364 (5th Cir.1969)). Here, the Court will decide whether or not the issuance of an injunction is appropriate, after hearing the proof. The one fact that BPS puts forth—that it is no longer is business—is not, standing alone, sufficient to deprive the Court of subject matter jurisdiction.

### B. The Acting Secretary Has Adequately Pled Sufficient Facts Regarding BPS's State of Mind.

Next, BPS argues that the Acting Secretary has failed to plead adequate facts regarding its state of mind. *See* Motion to Dismiss, ECF No. 41, at 2-4. Chiefly, BPS takes aim at paragraph 11 of the First Amended Complaint:

> Prior to the discovery of EC, Defendants had the opportunity through reasonable diligence to acquire knowledge that this employee was underage. EC began working at SMART under the name "E***** L*****." When documents showing the name "E***** L*****" were rejected, EC presented new documents with the name "J***** O*****." For the remainder of her time at SMART, EC's name badge said "E***** L*****" and her hours were reported from SMART to BPS as "E***** L*****." However, BPS paid EC under the name "J***** O*****," an identity that BPS knew to be an alias. Moreover, and in addition to these facts, EC appearance and physical characteristics also suggested that she was very young – too young to be employed in a manufacturing facility.

First Amended Complaint, ECF No. 37, at ¶ 11. In response to these facts, BPS argues that "further factual enhancement" is necessary. *See* Motion to Dismiss, ECF No. 41, at 4. The Acting Secretary disagrees. The Complaint contains more than enough facts to show that BPS had, at the very least, the opportunity to know that it was employing a minor. This is all that is required. *Reich v. Dept. of Cons. and Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) ("The cases must be rare where

3

prohibited work can be done and knowledge or the consequences of knowledge avoided. In reviewing the extent of an employer's awareness, a court need only inquire whether the circumstances were such that the employer either had knowledge or else had the opportunity through reasonable diligence to acquire knowledge.").

### C. The Acting Secretary Has Pled Sufficient Facts to Show that the Violation was Willful.

As set forth in her response to HMMA's motion to dismiss, the statute of limitations in 29 U.S.C. § 255 does not apply to this action. Nonetheless, BPS argues that the Acting Secretary has not alleged sufficient facts to support the allegation that BPS's actions were willful.

A violation of the FLSA is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*, 486 U.S. 128, 133 (1988). In this case, BPS had actual notice that a very young-looking employee was not the person who she initially said she was, but the company hired her anyway and paid her under a different name than the one listed on the documents she originally presented to the company. BPS either knew that the employee was underage, or it acted recklessly when it "fail[ed] to make adequate inquiry" into the age of this employee. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) (quoting 5 C.F.R. § 551.104). And while willfulness "does not require a showing of egregiousness," *Stone v. Troy Construction, LLC*, 935 F.3d 141, 150 (3d Cir. 2019), the facts here are egregious. BPS "willfully" violated the statute under any reasonable definition of that term.

4

### III.   Conclusion

For the forgoing reasons, BPS's motion should be denied. The Acting Secretary has standing to bring this action; she has adequately pled violations of the FLSA; the violations are not time barred; and the Acting Secretary's service is lawful. In addition, BPS has not shown any valid reason for striking allegations in the Complaint.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5330
*nash.fedcourt@dol.gov*
*motzny.thomas.j@dol.gov*
*forbes.kristin.a@dol.gov*

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

 /s/ Thomas J. Motzny
THOMAS J. MOTZNY
KRISTIN A. FORBES
Trial Attorneys

U. S. Department of Labor
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on October 29, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all persons indicated on the electronic filing receipt.

/s/ Thomas J. Motzny
THOMAS J. MOTZNY
Trial Attorney