IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JULIE A SU,** Acting Secretary of Labor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 2:24-cv-00325 |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF OF BEST PRACTICE SERVICE, LLC, IN SUPPORT OF ITS OPPOSITION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

Best Practice Service, LLC, (BPS) has clearly shown that whether one analyzes this case as one involving lack of Article III standing to seek injunctive relief or lack of capacity to seek injunctive relief under the *Dunlop v. Davis*[1] test, the Secretary's Complaint is due to be dismissed, and the Magistrate Judge erred on that front completely. *See* Doc. 64 (BPS's Objection to Magistrate Judge's Recommendation (hereinafter "Objection").

Rather than actually addressing this well-founded argument directly, the Secretary asks the Court to turn a blind eye to it. Why? Merely because BPS's counsel in its Objection referred to Rule 12(b)(6), Fed. R. Civ. P., rather than Rule 12(b)(1) in connection therewith. While BPS's Motion to Dismiss (Doc. 41) did reference Rule 12(b)(1), the minor error the Secretary points to in BPS's Objection, if it is an error, is not grounds for ignoring BPS's arguments which call for dismissal of the case against it.

First, all arguments presented in BPS's Objection to the Magistrate Judge's Report were squarely presented to the Magistrate Judge. *See* Docs. 41, 46 & 64. Nor has the Secretary

---

[1] 524 F.2d 1278, 1280 (5th Cir. 1975).

attempted to point to any new arguments. The reference to Rule 12(b)(6) was not an effort to present a new argument in any sense, notwithstanding the Secretary's assertion to the contrary.

Second, this and all courts review pleadings and motions based on their content and not their titles or headings, which means that the error, if any, in BPS's heading referencing Rule 12(b)(6) simply does not rule the day here. *See, e.g., AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (considering substance not title of motion).

Third, the kind of Rule 12(b)(1) motion BPS initially filed was a facial attack on the Court's subject matter jurisdiction to issue an injunction under Article III standing principles. A facial attack on standing is subject to the same analysis applied to a Rule 12(b)(6) motion.[2]

Moreover, the Secretary argues that the rule set out in *Dunlop v. Davis,* 524 F.2d 1278, 1280 (5th Cir. 1975), governs here and implies that Article III standing has no bearing on this matter. BPS showed in its Objection (Doc. 64) as well as in its reply brief on Motion to Dismiss (Doc. 49) that, even under that standard, the case for an injunction against it, a defunct company, is due to be dismissed.[3] In other words, Rule 12(b)(6) actually might apply, if this is not "standing" at all as the Secretary would have it, rendering BPS's reference to it no error at all. However, as noted above, it does not matter which subsection of the Rule applies, as the analysis in both cases

---

[2] *See, e.g., Kennedy v. Floridian Hotel Inc.*, No. 1:18-cv-20839-UU, 2018 U.S. Dist. LEXIS 235837, at *8-9 (S.D. Fla. May 14, 2018)( in addressing a Rule 12(b)(1) motion the Court wrote: "[A]ccordingly, as the litigation is at the pleading stage, the Court applies the *Twombly* and *Iqbal* pleading standard to the instant [Rule 12(b)(1)] Motion to Dismiss."); *Carroll v. Horne*, No. 2:17-cv-565-MHT-SRW, 2018 U.S. Dist. LEXIS 71197, at *5-6 (M.D. Ala. Apr. 26, 2018) ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion…"); *Washington v. Russell Cty. Bd. of Educ.*, No. 3:15cv942-WKW-WC, 2016 U.S. Dist. LEXIS 118368, at *9 (M.D. Ala. Aug. 31, 2016) (same).

[3] It is certainly possible that *Davis v. Dunlop* is an articulation of Article-III standing or that it should be seen as such.

is to apply the Rule 12(b)(6) standards to the inquiry, and no matter the analysis, the result as to BPS is necessarily dismissal.

    Resolution of the case against BPS is more than simple. The Secretary's Complaint, based on what is alleged therein, specifically her acknowledgement that BPS is out of business, cannot survive a Rule 12(b) motion here under either Article III standing principles or the *Dunlop v. Davis* test as explained at length in BPS's Objection.

    With respect to any other issues addressed by the Secretary in her Response Brief to BPS's Opposition to the Recommendation of the Magistrate Judge, for the sake of judicial efficiency, BPS will rely on its initial brief and the initial and reply briefs of its co-defendants.

    Respectfully submitted this 14th day of August, 2025.

    s/ Shannon L. Holliday
Shannon L. Holliday (ASB-5440-y77s)
J. David Martin (ASB-7387-a54j)
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 3601-0347
T: 334/834-1180   F: 334/834-3172
Email: holliday@copelandfranco.com
Email: martin@copelandfranco.com
**Counsel for Defendant,**
**Best Practice Service, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Motzny, Esq.
Kristin A. Forbes, Esq.
DEPARTMENT OF LABOR
Office of the Solicitor
618 Church Street, Suite 230
Nashville, TN 37219
Email: motzny.thomas.j@dol.gov
Email: forbes.kristin.a@dol.gov
***Attorneys for Plaintiff***

William C. Athanas
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Email: bathanas@bradley.com

Charles A. Stewart III
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Email: cstewart@bradley.com

***Attorneys for Defendant Hyundai Motor Manufacturing Alabama, LLC***

Ronald W. Flowers, Jr.
Ingu Hwang
Allison Hawkins
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
rflowers@burr.com
ihwang@burr.com
ahawkins@burr.com

Kathryn M. Willis
Burr & Forman LLP
11 North Water Street, Suite 22200
Mobile, AL 36602
kwillis@burr.com

***Attorneys for SMART Alabama, LLC***

                                                             s/ Shannon L. Holliday
                                                             Of Counsel