# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **LORI CHAVEZ-DEREMER** ) <br> **Secretary of Labor, United States** ) <br> **Department of Labor,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **HYUNDAI MOTOR** ) <br> **MANUFACTURING ALABAMA,** ) <br> **LLC, SMART ALABAMA, LLC and** ) <br> **BEST PRACTICE SERVICE, LLC,** ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO.** <br> **2:24-CV-00325-ECM-SMD** |

## DEFENDANT SMART ALABAMA, LLC'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant SMART Alabama, LLC ("SMART")[1] respectfully submits this Reply in further support of its Objections to the Magistrate Judge's Non-final Report, Recommendation, and Order ("R&R") (Doc. 65) entered on May 27, 2025. Plaintiff filed its Response to SMART's Objections to the Recommendation of the Magistrate Judge ("Response") (Doc. 69). But this Response fails to correct the

---

[1] As a result of an ownership change, on or about November 1, 2023, SMART changed its name to ITAC Alabama, LLC. For ease of reference, ITAC Alabama, LLC uses "SMART" throughout this brief.

61974562 v1

flaws of the Magistrate Judge's R&R. In further support of its Objections, SMART states as follows:

### A.     INTRODUCTION

Like the Magistrate Judge's R&R, the Secretary's Response ignores controlling legal authorities which require dismissal here. The Secretary's Response does not change the fatal flaws of the Magistrate Judge's R&R. The Magistrate Judge: (1) did not properly evaluate whether Plaintiff had standing to bring a claim for a prospective injunction; (2) did not identify any pleading asserting SMART knew or should have known about the alleged violation; and (3) did not properly enforce the Appointments Clause of the U.S. Constitution or alleviate the clear concerns of Executive overreach here.

Plaintiff's Response misstates the law and misconstrues the reasoning of the Magistrate Judge. The pleadings are devoid of any real and immediate threat of future harm, as is required to establish standing to seek an injunction under Eleventh Circuit law. Plaintiff's attempts at bolstering the R&R to show SMART possessed the requisite mental state are insufficient and also fail to address the poor public policy that finding knowledge here would create. And Plaintiff's interpretation of the Appointments Clause disregards the actual standard allowing only a temporary, limited exercise of authority by instead permitting Executive branch overreach at the expense of the Constitution.

When applying the correct standards, this Court should find the following: (1) Plaintiff has not alleged the harm necessary to warrant injunctive relief; (2) Plaintiff did not adequately plead that SMART possessed the knowledge required to support her claim; and (3) former Acting Secretary Julie A. Su lacked standing to bring this claim, as she was not constitutionally appointed to the role of Secretary of the Department of Labor. For these reasons, this Court should reject the Magistrate Judge's R&R and grant SMART's Motion to Dismiss.

### B. ARGUMENT

**1. The Secretary Lacks Standing to Pursue Injunctive Relief because the Pleadings Do Not Allege Potential Future Harm.**

Plaintiff's Response states that finding a cognizable danger or threat of future harm is "an issue for a later day." But Plaintiff, like the Magistrate Judge, is skipping over the threshold requirements of standing under Eleventh Circuit law. On numerous occasions, the Eleventh Circuit has held that, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).[2]

---

[2] *See also McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135 (11th Cir. 2014) (holding plaintiffs lacked standing where there was no evidence of potential future harm); *Duty*

3

Plaintiff points this Court to a Sixth Circuit case, *Stewart v. Martin*, 143 F.4th 675 (6th Cir. 2025), to support the false contention that a finding of "future violations of the FLSA" is unnecessary to establish standing. This case makes no mention of the Eleventh Circuit's standing requirements for seeking prospective injunctive relief, such as the requirement listed in *Shotz* and *Wooden* that the plaintiff show a real and immediate threat of future injury. In fact, this case Plaintiff cites to makes no mention of injunctive relief at all. The *Stewart* case concerns breach of trust and breach of fiduciary duty where grandchildren were suing to collect a greater inheritance from their grandfather's estate. Of course this case would ignore the standing requirements of claims for injunctive relief; there was no claim for injunctive relief present. But in our case, Plaintiff attempts to obtain an injunction without meeting the clear standard, consistently enforced in the Eleventh Circuit, that plaintiffs show a real and immediate threat of future injury.

Plaintiff also cites to a portion of the R&R which, according to Plaintiff, "alleges such facts to meet [the] standard" required to establish standing. There, the Magistrate Judge states, "although the **amended complaint does not allege that FLSA violations are ongoing**, it is silent as to any promises made or safeguards implemented by Defendants to ensure that child-labor law violations do not recur.

---

*Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248 (11th Cir. 2015); and *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

Thus, under these circumstances, a real and immediate threat of future injury to underage workers and the public generally remains, and that threat is sufficient to satisfy Article III's injury-in-fact requirement." As SMART states in its Objections, the Magistrate Judge infers an essential element of standing from the Plaintiff's silence regarding the promises and safeguards SMART has implemented to prevent further harm, and the Magistrate Judge overlooks the fact that there is no allegation that the alleged violations are ongoing.

The issue of standing is not a "question for another day." It is a threshold question which the Magistrate Judge and Plaintiff both wish for this Court to ignore, because it is uncontested that no allegation in the pleadings can establish the future harm required to establish standing under Eleventh Circuit law.

**2.      SMART Lacked the Knowledge Required under the Statute.**

The Magistrate Judge erroneously relied on the "could have known" standard rather than the requisite "should have known" standard for knowledge under Eleventh Circuit precedent. The Magistrate Judge's arguments, therefore, are insufficient to show that SMART "either had knowledge that minors were illegally in his employ, or else had 'the opportunity through reasonable diligence to acquire knowledge.'" *Su v. Mar-Jac Poultry of Alabama, LLC*, 2024 WL 3278954, at *2 (N.D. Ala. Jul. 2, 2024) (citing *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

Plaintiff cites to *Reich v. Dept. of Cons. And Nat. Res.*, 28 F.3d 1076 (11th Cir. 1994) to support its argument that this Court should find SMART knew or should have known about the alleged violations. However, in the *Reich*, case, the employer was subject to a state-run study, in which the state of Alabama interviewed employees and provided recommendations to the employer. The state explicitly informed the employer that employees were working in excess of 40 hours per week without being compensated with the overtime rate of pay. In spite of this explicit warning, the employer failed to correct the violations. The Eleventh Circuit, therefore, found that the employer had sufficient knowledge of the alleged violation. This is considerably different from the facts here, in which SMART was unaware of the violations, and once it became aware, it took prompt action to ensure no other minors were permitted to work in its facility. The case here is much more similar to *Mar-Jac Poultry of Alabama, LLC*, 2024 WL 3278954, at *3, in which the Court found the employer did not have sufficient knowledge where there was no evidence the employer "knowingly employed any person under eighteen years old," the employer adhered to a policy prohibiting employing minors, the "Department of Labor [had] not specifically warned" the employer, and the argument that the employer knew or should have known of the violation based on the worker's "appearance and mannerisms" was rejected as discriminatory.

61974562 v1

Both Plaintiff and the Magistrate Judge would have this Court infer the requisite knowledge of alleged violations through SMART's action in terminating the two other BPS employees after the BPS employee EC's age was revealed. SMART argued in its Objections, and reasserts here, that inferring the requisite knowledge through this *post hoc* action would only serve to encourage employers to retain employees it suspects of being underage to avoid the risk of liability for some other violation it has yet to discover.

Plaintiff argues that: (1) the termination of the two other BPS employees followed soon after the BPS employee EC's age was revealed, and (2) that SMART had "ample opportunity" to observe that the BPS employee appeared young. First, this does not refute the policy argument that employers may be hesitant to act to address potential child labor violations for fear of inadvertently conceding "knowledge" of a prior violation. SMART also, understandably, came to distrust BPS's applicant screening procedures following EC's age being revealed; it is only logical that this suspicion of BPS's procedures would, soon after, lead to the termination of two other BPS employees that appeared to be underage. SMART attempted to stop any underage BPS employees from working at its facility, and Plaintiff and the Magistrate Judge attempt to punish SMART for its efforts.

Second, imposing this strict level of scrutiny on employers to discern and terminate employees that look too young "would unfairly affect [young-looking

7

workers'] employment opportunities, essentially discriminating against those individuals on the basis of appearance." *Mar-Jac Poultry of Alabama, LLC*, 2024 WL 3278954. There is also no allegation of how SMART should have been able to discern the age of the minor during few, if any, interactions that occurred. Plaintiff and the Magistrate Judge attempt to impose a strict liability standard where none exists. *See id*.

3. **Plaintiff Julie A. Su's Service as Acting Secretary of Labor Violated the Appointments Clause.**

An individual is only permitted to perform the duties of an appointed Secretary without the advice and consent of the Senate if it is for a "temporary" or "limited" period of time. *See United States v. Eaton*, 169 U.S. 331, 343 (1898); *see also Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 356 F.Supp. 3d 109, 147 (D.D.C. 2019). However, 29 U.S.C. § 522 does not temporally limit an Acting Secretary's authority, and it is therefore unconstitutional.

Plaintiff argues that the statute, 29 U.S.C. § 522, is temporally limited because the Acting Secretary can only serve until the new Secretary is properly appointed, and Plaintiff adds that the Deputy Secretary is statutorily authorized to exercise the Secretary's powers during vacancies. But Plaintiff's argument, and the statute as written, reveal that there would be no need for the President to ever confirm a new Secretary, and there is no check in place, temporal or otherwise, to prevent the Acting Secretary from exercising the powers of an appointed Secretary indefinitely.

8

Plaintiff cites to no authority which states an appointment to Deputy Secretary is sufficient to circumvent the Appointment Clause's requirement for a temporal limit, and none exists. Therefore, this lack of a temporal limit for Acting Secretary Su's service is unconstitutional.

The law clearly requires that individuals may only serve in the role of a Secretary during vacancies temporarily, and it is equally clear that 29 U.S.C. § 522 does not possess such a temporal limit. Neither the Magistrate Judge nor the Plaintiff suggest any reading of the statute that would prevent a Deputy Secretary from serving an indefinite amount of time, limited only by the discretion of the President, rather than the temporal limits required in cases like *Eaton* and *Guedes*. Therefore, Acting Secretary Su was exercising the powers of the Secretary unconstitutionally in violation of the Appointments Clause, and she therefore lacked standing to assert claims against SMART during her service.

As stated in SMART's Objections, however, this Court need not decide in SMART's favor on this constitutional argument in order to grant SMART's Motion to Dismiss. SMART's Motion to Dismiss should be granted if any one of its three arguments should prevail.

## C. <u>CONCLUSION</u>

For the foregoing reasons, this Court should sustain SMART's objections to the Magistrate Judge's R&R, and this Court should grant SMART's Motion to Dismiss the Secretary's claims.

*/s/ Ronald W. Flowers, Jr.*
Ronald W. Flowers, Jr. [ASB-3635-A59F]
Kathryn M. Willis [ASB-8533-N76M]
Ingu Hwang [ASB-2647-N75H]
Allison Hawkins [ASB-3072-P10X]

ATTORNEYS FOR SMART ALABAMA, LLC

**OF COUNSEL:**
**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rflowers@burr.com
ihwang@burr.com
ahawkins@burr.com

Kathryn M. Willis
**BURR & FORMAN LLP**
11 North Water Street, Suite 22200
Mobile, AL 36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
kwillis@burr.com

61974562 v1

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic filing on this the 14th day of August, 2025:

Kristin Ashlee Forbes
Thomas M. Motzny
Department of Labor
Office of the Solicitor
618 Church Street
Suite 230
Nashville, TN 37219

Charles Andrew Stewart , III
Bradley Arant Boult Cummings, LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104

William Charles Athanas
Matthew H. Lembke
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

James David Martin
Shannon Lynn Holliday
Copeland Franco Screws & Gill, P.A.
PO Box 347
Montgomery, AL 36101-0347

                                        */s/ Ronald W. Flowers, Jr.*
                                        OF COUNSEL

61974562 v1